UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | NO. 3:05CV1596(EBB) |
| WILLIAM LOPEZ : | |

RULING ON MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

Petitioner William Lopez moved, pursuant to 28 U.S.C. § 2255, that the court vacate his conviction and sentence alleging violations of his rights under the Fifth and Sixth Amendments to the Constitution in that at the time he entered his guilty plea he was not informed of his right to have a jury determine whether his prior convictions qualified for the purpose of a career offender enhancement and that the court erroneously informed him that he faced a mandatory minimum sentence of ten years rather than twenty years.

Petitioner pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of Cocaine base in violation of 21 U.S.§§ 841(a)(1) and 846. In his plea agreement, and during his plea colloquy, petitioner was informed he faced a mandatory minimum term of ten years imprisonment and a maximum penalty of life imprisonment. He alleges the court and his attorney should have told him he faced a mandatory twenty-year minimum term because he had previously been convicted of a felony drug offense. However, the mandatory minimum twenty-year term is not applicable unless the government has, prior to entry of a guilty plea, filed an information pursuant to 21 U.S.C. § 851 and served a copy thereof on the defendant or his counsel, stating in writing the previous conviction or convictions to be relied upon. No such

information was filed in this case and, therefore, at the time of his plea, petitioner was correctly informed by the court and his attorney that he faced a mandatory ten-year minimum sentence.

Petitioner was ultimately sentenced to a term of 292 months, the bottom of a guideline determined to be 292 to 365 months resulting from an adjusted offense level of 39 and a criminal history category VI, he having been determined to be a career offender because of two prior convictions for the sale of narcotics. Petitioner claims his criminal history classification is also erroneous because the issue of whether his prior convictions constituted felony drug offenses should have been submitted to, and decided by, a jury, citing Apprendi v. New Jersey, 530 U.S. 466 (2000). However, Apprendi held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be determined by a jury. Id., at 490. Here the applicable statutory maximum was life imprisonment and, in any event, the fact of a prior conviction may be determined by the court. This is the case even if prior convictions trigger a mandatory minimum penalty. United States v. Estrada, 428 F.3d 387 (2d Cir. 2005).

The motion [Doc. No. 1] is denied. A certificate of appealability will not issue, petitioner having failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this ____ day of May, 2007.